IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH

| | |
|---|---|
| MARCARTON N. PIERRE, | ) |
| | ) |
| Plaintiff | ) 2:23-CV-02036-RAL |
| | ) |
| vs. | ) |
| | ) RICHARD A. LANZILLO |
| C. GREENAWALT, THE GRIEVANCE | ) Chief United States Magistrate Judge |
| COORDINATOR; WARDEN MICHAEL | ) |
| ZAKEN, SGT. GEORGE, J.M. SIEBERT, | ) |
| ADMINISTRATIVE OFFICER; UNIT | ) MEMORANDUM ORDER ON REMOVAL |
| MANAGER JASON DICK, STEPHEN | ) JURISDICTION AND STAYING CASE |
| BUZAS, | ) |
| | ) |
| Defendants | ) |

By prior Order, the Defendants were directed to show cause why this matter should not be remanded to the state court due to a potential defect in their Amended Notice of Removal.[1] *See* ECF No. 21. The Defendants, employees of the Pennsylvania Department of Corrections, filed a Response. ECF No. 23. Plaintiff then filed a motion for default judgment which included a Reply to the Defendants' show cause response. ECF No. 24. The Court heard oral argument on the matter and took the issue under advisement. The Court concludes as follows.

1. Plaintiff commenced this action by filing a Complaint in the Court of Common Pleas of Greene County, Pennsylvania on October 10, 2023 ("State Court Action"). The Complaint named four officials employed by the Pennsylvania Department of Corrections at its

---

[1] The Parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636. By separate Order, the Defendants' motion to dismiss was dismissed without prejudice to its refiling upon resolution of the removal issue. *See* ECF No. 25.

1

State Correctional Institution at Greene, C. Greenawalt, Michael Zaken, Sgt. George, and J.M. Seibert ("Original Defendants"), and asserted federal constitutional claims under 42 U.S.C. § 1983. Service of the Complaint upon the four Original Defendants was made on October 30, 2023. *See* ECF No. 1.

2. On November 6, 2023, Plaintiff filed an Amended Complaint in the State Court Action. The Amended Complaint named Stephen Buzas, Jason Dick, Timothy George, Crystal Greenawalt, Joanna Siebert, and Michael Zaken. The Amended Complaint also named "Nurse Practitioner Chang," "E. Haz," and "E. Haz Chang" (collectively "Defendant Chang") as a Defendant. Service of the Amended Complaint was timely made thereafter.

3. On November 28, 2023, the Original Defendants filed a Notice of Removal of the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 based upon federal question jurisdiction conferred by 28 U.S.C. § 1331.

4. One week later, on December 5, 2023, all Defendants except Defendant Chang filed an Amended Notice of Removal. *See* ECF No. 2.

5. The removal of actions from state courts to federal courts is governed by 28 U.S.C. §§ 1441-1455. Under § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending...." 28 U.S.C. 1441(a).

6. As set forth in 28 U.S.C. § 1446(a), removal is initiated by a defendant or defendants filing in the district court a notice of removal that includes "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants" in the state court action. The notice of removal must be "filed

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH

| | |
|---|---|
| MARCARTON N. PIERRE, <br><br> Plaintiff <br><br> vs. <br><br> C. GREENAWALT, THE GRIEVANCE COORDINATOR; WARDEN MICHAEL ZAKEN, SGT. GEORGE, J.M. SIEBERT, ADMINISTRATIVE OFFICER; UNIT MANAGER JASON DICK, STEPHEN BUZAS, <br><br> Defendants | 2:23-CV-02036-RAL <br><br> RICHARD A. LANZILLO <br> Chief United States Magistrate Judge <br><br> MEMORANDUM ORDER ON REMOVAL JURISDICTION AND STAYING CASE |

By prior Order, the Defendants were directed to show cause why this matter should not be remanded to the state court due to a potential defect in their Amended Notice of Removal.[1] *See* ECF No. 21. The Defendants, employees of the Pennsylvania Department of Corrections, filed a Response. ECF No. 23. Plaintiff then filed a motion for default judgment which included a Reply to the Defendants' show cause response. ECF No. 24. The Court heard oral argument on the matter and took the issue under advisement. The Court concludes as follows.

1.   Plaintiff commenced this action by filing a Complaint in the Court of Common Pleas of Greene County, Pennsylvania on October 10, 2023 ("State Court Action"). The Complaint named four officials employed by the Pennsylvania Department of Corrections at its

---

[1] The Parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636. By separate Order, the Defendants' motion to dismiss was dismissed without prejudice to its refiling upon resolution of the removal issue. *See* ECF No. 25.

1

within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

7.  Under § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action". 28 U.S.C. § 1446(b)(3). *See also Lewis v. Rego*, 757 F.2d 66, 68 (3d Cir. 1985) (acknowledging that the "Rule of Unanimity" normally requires all defendants who have been properly joined and served must consent to removal). *McLaughlin v. Buyer Essure Inc.*, 2019 WL 2248509, at *3 (E.D. Pa. May 24, 2019).

8.  Three exceptions to this rule have been judicially recognized: (i) the non-joining defendant is unknown or a nominal party; (ii) the non-joining defendant was fraudulently joined; or (iii) the non-joining defendant had not been served at the time the notice of removal was filed. *See Balazik v. Cnty. of Dauphin*, 44 F.3d 209, 213 n.4 (3d Cir. 1995).

9.  The Defendants, as the parties asserting federal jurisdiction, "bear[] the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).

10. The first Notice of Removal filed after the Plaintiff's original Complaint was timely filed, but was accompanied by the joinder or consent of only the Original Defendants.

11. The Amended Notice of Removal was timely filed with the joinder or consent of all Defendants except Defendant Chang ("Removing Defendants").

12. During the show cause hearing conducted on December 9, 2024, counsel for the Removing Defendants advised the Court that her investigation disclosed that Defendant Chang is Dr. Eric Chang, an employee of Wellpath, LLC, the DOC's medical services provider. Counsel

3

also related that the State Correctional Institution at Greene was a regular place of employment for Dr. Chang and acknowledged that he could properly be served there. The Sheriff's return of service also supports that an authorized member of the prison staff properly accepted service of the Summons and Amended Complaint on behalf of Defendant Chang. *See* ECF No. 23-1, p. 1.

13. The Amended Notice of Removal was defective because it did not include the consent to removal of Defendant Chang.

14. But the Court further finds the defect in the Amended Notice of Removal is waivable and does not deprive the Court of federal subject matter jurisdiction. An "irregularity in removal of a case to federal court is to be considered 'jurisdictional' only if the case could not initially have been filed in federal court." *Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 614 (3d Cir.2003) (citations omitted). Failure to obtain the consent of all defendants for removal is not a jurisdictional defect and is therefore waivable. *See Balazik v. Cnty. of Dauphin*, 44 F.3d 209, 213 (3d Cir.1995) (holding that "[f]ailure of all defendants to join is a 'defect in removal procedure' within the meaning of § 1447(c), but is not deemed to be jurisdictional"). Objections to non-jurisdictional defects may be waived if not raised "within 30 days after the filing of the notice of removal." See 28 U.S.C. § 1447(c); *see also Ariel Land Owners*, 351 F.3d at 614; *In re FMC Corp. Packaging Sys. Div.*, 208 F.3d 445, 451 (3d Cir.2000). Because more than thirty days has passed since service upon Defendant Chang, and Plaintiff has not moved to remand (and does not now seek remand), any defect in the second notice of removal has been waived. The Court will therefore take no further action on its prior Order to Show Cause.

15. The Clerk of this Court is directed to list Dr. E. Chang as a Defendant herein and note that addition on the Court's docket.

16.     Defendant Chang has been identified as an employee of Wellpath, LLC. On November 11, 2024, Wellpath Holdings, Inc., and related entities filed a petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas. *See In re Wellpath Holdings, Inc.*, No. 24-90533 (Bankr. S.D. Tex.) ECF No. 74.

17.     Pursuant to Section 362(a) of the Bankruptcy Code, the petition operates as a stay on a on all proceedings against the debtor. *See* 11 U.S.C. 362(a). On November 12, 2024, the Bankruptcy Court entered an order extending the automatic stay to actions against certain non-debtor defendants, including Wellpath employees, on an interim basis, pending a future hearing scheduled before the Bankruptcy Court. *In re Wellpath Holdings, Inc.* No. 24-90533, ECF No. 68. Therefore, it is hereby ORDERED that this action is STAYED pending further order of the Bankruptcy lifting or granting relief from the stay or further order of this Court. In the meantime, all scheduled proceedings and deadlines are hereby suspended pending further order of this Court.

18.     All previously or currently pending motions have been or will be dismissed without prejudice. Any such motion may be refiled upon the lifting of the automatic stay.

19.     The Court understands that many litigants, particularly those proceeding pro se, may have questions about the Bankruptcy proceedings and the stay of this action. To avoid overwhelming the Court, parties are encouraged to refrain from filing motions seeking additional information. The parties will be notified of relevant developments in the Bankruptcy proceedings, including any lifting or modification of the automatic stay that allow this Court to proceed with this case. Upon the lifting of the stay, it is this Court's intention to schedule a telephone status conference to address scheduling matters and reactivation or refiling of any previously filed motions.

5

ORDERED and DATED this 10th day of January, 2025.

                      BY THE COURT:

                      _____
                      RICHARD A. LANZILLO
                      CHIEF UNITED STATES MAGISTRATE JUDGE