IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

|  |  |
|---|---|
| MACARTON N. PIERRE, | ) |
| Plaintiff | ) 2:23-CV-02036-RAL |
| vs. | ) RICHARD A. LANZILLO<br>) Chief United States Magistrate Judge |
| C. GREENAWALT, et al., | ) |
| Defendants | ) MEMORANDUM OPINION AND ORDER<br>) SEVERING CLAIMS AGAINST<br>) DEFENDANT CHANG |

**I.    Introduction and Background**

Plaintiff Macarton Pierre, an inmate in the custody of the Pennsylvania Department of Corrections, initiated this action by filing a *pro se* complaint in the Court of Common Pleas of Greene County on October 24, 2023. ECF No. 1-2. The complaint named four officials employed at SCI-Greene, Grievance Coordinator C. Greenawalt, Warden Zaken, Sgt. George, and Administrative Officer J.M. Siebert ("Original Defendants"), and asserted federal constitutional claims under 42 U.S.C. § 1983. On November 6, 2023, Plaintiff filed an amended complaint naming three additional defendants: Warden Buzas, Unit Manager Dick, and Nurse Practitioner Chang, E Haz. ECF No. 2-2. His lawsuit is based on alleged incidents of retaliation by prison officials and Defendant Chang's deliberate indifference to his serious medical needs. *See id.* On November 28, 2023, the Original Defendants filed a notice of removal of the action to this Court, ECF No. 1, and on December 5, 2023, all Defendants except Chang filed an amended notice of removal, ECF No. 2.

In a January 10, 2025 Order, this Court found that the amended notice of removal was defective because it did not include the consent of Defendant Chang, an employee of Wellpath, LLC, but that Pierre had waived any objection to removal based on this defect. ECF No. 29. The Court further ordered this action stayed pursuant to the automatic stay in the Wellpath bankruptcy proceedings based on Chang's status as an employee of a Wellpath-Debtor entity. *See In re Wellpath Holdings, Inc.*, No. 24-90533 (Bankr. S.D. Tex.). Plaintiff then moved to sever and remand the claims against Chang, urging that his claims against Chang are "distinct & separable from the claims against Corrections Defendants." ECF No. 32, p. 1.[1] The Court denied Plaintiff's motion, ECF No. 37, and subsequently ordered this case administratively closed pending relief from or lifting of the bankruptcy stay, ECF No. 39.

On June 4, 2025, the Court lifted its stay and ordered this matter reopened. ECF No. 41. On June 17, 2025, the Court held a status conference with the parties and revisited whether the claims against Chang should be severed from those against the Corrections Defendants. ECF No. 43.

**II.     Legal Standards**

Under Rule 20(a) of the Federal Rules of Civil Procedure, a plaintiff may permissibly join multiple defendants in a single lawsuit if two conditions are met: (1) the claims against them "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Relevant here, to satisfy the "same transaction" prong of Rule 20, the claims must arise from similar factual backgrounds and be logically related. *Cooper v. Fitzgerald*, 266 F.R.D. 86, 88 (E.D. Pa. 2010); *see also Transamerica Occidental Life Ins. Co. v. Aviation Off. of Am., Inc.*,

---

[1] As used in this Order, the term "Corrections Defendants" refers to all Defendants except Chang.

292 F.3d 384, 389–90 (3d Cir. 2002) (discussing the compulsory counterclaim rule under Rule 13(a)).

Joinder of parties and claims is "strongly encouraged," and district courts should "entertain[ ] the broadest possible scope of action consistent with fairness to the parties." *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)). "But this application, however liberal, is not a license to join unrelated claims and defendants in one lawsuit. Thus . . . Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Johnson v. Clark*, 2024 WL 2331715, at *4 (E.D. Pa. May 22, 2024) (internal quotations and citations omitted).[2] As such, district courts have "broad discretion" under Rule 21 to remedy a misjoinder by dismissing parties or severing claims. *Id.*; *DirecTV, Inc. v. Leto*, 467 F.3d 842, 844 (3d Cir. 2006); Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."); *see also Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (inmate actions asserting "unrelated claims against different defendants . . . should be rejected, either by severing the action into separate lawsuits or by dismissing improperly joined defendants" (internal citation omitted)).

---

[2] As this Court has observed,

> In cases brought by *pro se* prisoners, Rule 20 takes on additional importance in light of the Prison Litigation Reform Act of 1995 ("PLRA"), because a prisoner-plaintiff who is permitted to combine separate, independent claims into one complaint is able to circumvent the PLRA's filing fee requirements and [its] potential "three strikes" limitation. Thus, it is well-settled that a litigant may not raise unrelated claims in an effort to avoid the statutory filing fee required to initiate a new lawsuit.

*Brodie v. Tompson*, 2024 WL 759016, at *3 (W.D. Pa. Jan. 22, 2024) (internal quotations and citations omitted), *report and recommendation adopted*, 2024 WL 757091 (W.D. Pa. Feb. 20, 2024).

3

### III. Discussion

Plaintiff's amended complaint violates both the letter and spirit of Rule 20. The crux of his pleading is that Corrections Defendants retaliated against him for complaining about prison conditions by refusing to process his grievance appeals, denying him access to the law library, and preventing Plaintiff from communicating with his family, counsel, and the courts. *See* ECF No. 2-2. Plaintiff's remaining allegations concern Defendant Chang's deliberate indifference to his complaints of pain and loss of function in his hands. According to his pleading, in August 2023, Chang prescribed Plaintiff pain medication and ordered x-rays. *Id.*, p. 4. In October, Plaintiff filed a grievance because Chang did not renew his pain medication or order additional treatment. *Id.* He contends Chang then denied him further medical care in retaliation for the complaint. *Id.*, pp. 4, 9.

While Plaintiff's claims are, at best, tangentially related under the umbrella of perceived retaliation, there is no discernable nexus between his complaints of inadequate medical care and the retaliatory conduct he attributes to Corrections Defendants. For example, Plaintiff's allegation that Defendant Greenawalt refused to fax his legal documents bears no relation to his claim that Chang failed to renew his prescription. Likewise, the Court sees no factual connection between Chang's alleged deliberate indifference and Corrections Defendants' "excessive communication bans." In short, the claims arise from distinct factual backgrounds and occurrences, and there is no claim common to all defendants.

Because the discrete and unrelated claims presented in Plaintiff's pleading do not arise out of the "same transaction, occurrence, or series of transactions and occurrences," these claims and defendants cannot be permissively joined together in a single action. Fed. R. Civ. P. 20(a)(2); 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1655 (3d ed.)

4

("plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all"); *see, e.g., Parkell v. Linsey*, 2017 WL 3485817, at 3–4 (D. Del. Aug. 14, 2017) (finding no logical relationship among claims involving loss of privileges, a strip search, retaliation, interference with legal mail, religious discrimination, and inadequate medical care). The appropriate remedy under such circumstances is to "add or drop a party or sever any claims." *Brodie*, 2024 WL 759016, at *3; *see Henderson v. Mahally*, 639 F. Supp. 3d 481, 486 (M.D. Pa. 2022) ("Severance is appropriate when the claims are 'discrete and separate,' each capable of resolution without dependence or effect on the other."); *e.g., Kokinda v. Pa. Dep't of Corr.*, 663 F. App'x 156, 159 (3d Cir. 2016) (affirming dismissal of unrelated claims against discrete defendants). Consistent with this principle, the Court will sever from this action Plaintiff's claims against Defendant Chang into a new lawsuit.[3] Upon the Clerk of the Court's opening of a separate action against Defendant Chang alone, the Court will give Plaintiff the opportunity to state in that case whether he wishes to proceed. Should Plaintiff wish to proceed in the new action, he will be ordered to either pay the required filing fee or file a motion to proceed *in forma pauperis* if he cannot afford to do so. The Court will also order Plaintiff to file an amended complaint limited to his allegations and claims against Defendant Chang. The Court expresses no opinion on the merits of any such claims.

---

[3] Based on the averments in the amended complaint, the Court may dismiss (rather than sever) the claims against Chang because it does not appear the statute of limitations on such claims has expired. However, the Court cannot fully assess the statute of limitations ramification of dismissal on the current record, and dismissal at this point may be prejudicial to the Plaintiff. Accordingly, the Court will exercise its discretion to sever rather than dismiss the claims against Chang. *See DirecTV*, 467 F.3d at 845–86 (because the "decision to remedy misjoinder . . . may have important and potentially adverse statute-of-limitations consequences," the court must consider those consequences before choosing which remedy to employ).

### IV. Conclusion

Consistent with the foregoing, it is hereby ORDERED that Plaintiff's claims against Defendant Chang are hereby SEVERED from the claims against the Corrections Defendants.

It is further ORDERED that the Clerk is directed to terminate Defendant Chang from this case and to open a new action at a separate docket number naming Chang, E Haz as the sole Defendant.[4]

DATED this 9th day of July, 2025.

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[4] Upon the opening of the action against Defendant Chang alone, the Court will issue an Order in that action directing Plaintiff to advise the Court whether he wishes to proceed in the new action and, if so, to pay the required filing fee or a motion to proceed in forma pauperis, and to file an amended Complaint limited to allegations against and claims against Chang.